THEODORA R. LEE, Bar No. 129892
tlee@littler.com
JEFFREY J. MANN, Bar No. 253440
jmann@littler.com
LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard, Suite 600
Walnut Creek, California  94597
Telephone:   925.932.2468
Facsimile:    925.946.9809

Attorneys for Defendant
GOLDEN STATE WARRIORS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS M. SMITH, individually, and on behalf of the general public, and as an "aggrieved employee" under the California Labor Code Private Attorney Generals Act,<br><br>Plaintiff,<br><br>v.<br><br>GOLDEN STATE WARRIORS, LLC,<br><br>Defendant. | Case No.  3:18-cv-06794-EDL<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>Judge:  Elizabeth D. LaPorte<br>Dept:  Courtroom E-15th Flr. |

Defendant GOLDEN STATE WARRIORS, LLC ("Defendant") hereby answers Plaintiff's Complaint for Damages (the "Complaint") as follows:

**PRELIMINARY STATEMENT**

This paragraph contains only statements or conclusions of law to which no response is required.  To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

**JURISDICTION**

1.     This paragraph contains only statements or conclusions of law to which no response is required.  To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

2.     This paragraph contains only statements or conclusions of law to which no response is required.  To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

3. This paragraph contains only statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

## INTRADISTRICT ASSIGNMENT AND VENUE

4. This paragraph contains only statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

5. This paragraph contains only statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

## PARTIES

6. Defendant is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's residence and on that basis denies such allegation. The remainder of the paragraph contains only statements or conclusions of law to which no response is required. To the extent that any additional facts are alleged in this paragraph, Defendant denies such allegations.

7. Defendant denies that it is a corporation, but admits that it is a limited liability company, organized and existing under the laws of the State of California. To the extent that any additional facts are alleged in this paragraph, Defendant denies such allegations.

8. Defendant admits that it operates a professional basketball team, and that the team is a member of the National Basketball Association. To the extent that any additional facts are alleged in this paragraph, Defendant denies such allegations.

9. This paragraph contains only statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

10. This paragraph contains only statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

## WAGE AND HOUR CLAIMS

11. Defendant admits that it employed Plaintiff from on or about June 25, 2012 to March 16, 2018, and that its offices and the basketball arena are located in Oakland, California. To the extent that any additional facts are alleged in this paragraph, Defendant denies such allegations.

12. Defendant admits the allegations of this paragraph, except that Plaintiff's commission was calculated based on net revenue as more specifically set forth in the written agreements and

policies governing Plaintiff's compensation, including, but not limited to, the Sales Compensation Agreement and Individual Sales Compensation Plan, and the agreements between Defendant and third parties governing the arena fee.

13. Defendant admits the allegations of this paragraph, except that Plaintiff's commission was calculated based on net revenue as more specifically set forth in the written agreements and policies governing Plaintiff's compensation, including, but not limited to, the Sales Compensation Agreement and Individual Sales Compensation Plan, and the agreements between Defendant and third parties governing the arena fee.

14. Defendant admits the allegations of this paragraph, except that Plaintiff's commission was calculated based on net revenue, an amount that did not include the arena fee deducted from sales by the owner of Oracle Arena prior to such sales constituting Defendant's revenue, as more specifically set forth in the written agreements and policies governing Plaintiff's compensation, including, but not limited to, the Sales Compensation Agreement and Individual Sales Compensation Plan, and the agreements between Defendant and third parties governing the arena fee.

15. Defendant admits that Mr. Scheider sent an email with such language, and admits that at times Plaintiff's group ticket sales were among the best in the NBA. Except as expressly admitted herein, Defendant denies the allegations of this paragraph.

16. Defendant currently lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

17. Defendant denies the allegations of this paragraph.

18. Defendant denies the allegations of this paragraph.

19. Defendant denies the allegations of this paragraph.

20. Defendant denies the allegations of this paragraph.

21. Defendant denies the allegations of this paragraph.

## DISCRIMINATION AND RETALIATION CLAIMS

22. Defendant admits that Plaintiff took leave beginning on November 17, 2017, and that Plaintiff's sick and vacation time were exhausted as of November 24, 2017. Except as expressly admitted herein, Defendant denies the allegations of this paragraph.

23. Defendant admits that Plaintiff returned from medical leave on or around February 22, 2018. Defendant currently lacks sufficient information to admit or deny the remaining allegations of this paragraph, and on that basis, denies them.

24. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

25. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

26. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

27. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

28. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

29. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

30. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

31. Defendant currently lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

32. Defendant currently lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

33. Defendant admits that the emails discussed in this paragraph were sent and contained the information alleged therein. Except as expressly admitted herein, Defendant denies the allegations of this paragraph.

34. Defendant admits that the emails discussed in this paragraph were sent and contained the information alleged therein. Except as expressly admitted herein, Defendant denies the allegations of this paragraph.

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES   4.   (CASE NO. 3:18-CV-06794-EDL)

35. Defendant admits that Plaintiff sent the email discussed in this paragraph. Defendant currently lacks sufficient information to admit or deny the remaining allegations of this paragraph, and on that basis, denies them.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

36. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

37. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

**PRIVATE ATTORNEYS GENERAL ACT ALLEGATIONS**

38. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

39. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

40. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

41. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

42. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

43. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

44. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

45. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

46. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES    5.    (CASE NO. 3:18-CV-06794-EDL)

# CAUSES OF ACTION

**FIRST CAUSE OF ACTION
VIOLATION OF 42 U.S.C. §§ 12101 ET SEQ.
(Disability Discrimination – ADA)
Against Defendant**

47. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

48. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

49. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

50. Defendant denies the allegations of this paragraph.

51. Defendant denies the allegations of this paragraph.

52. Defendant denies the allegations of this paragraph.

53. Defendant denies the allegations of this paragraph.

**SECOND CAUSE OF ACTION
VIOLATION OF CAL GOV. CODE § 12940(a)
(Disability Discrimination – FEHA)
Against Defendant**

54. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

55. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

56. Defendant denies the allegations of this paragraph.

57. Defendant admits that it employed Plaintiff. The remainder of this paragraph contains statements or conclusions of law to which no response is required. To the extent that additional facts are alleged in this paragraph, Defendant denies such allegations.

58. Defendant denies the allegations of this paragraph.

59. Defendant denies the allegations of this paragraph.

60. Defendant denies the allegations of this paragraph.

///

**THIRD CAUSE OF ACTION**
**Retaliation**
**(California Government Code § 12940(h))**
**Against Defendant**

61. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

62. Defendant denies the allegations of this paragraph.

63. Defendant denies the allegations of this paragraph.

64. Defendant denies the allegations of this paragraph.

65. Defendant denies the allegations of this paragraph.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF CAL. GOV. CODE § 12940(k)**
**(Failure to Prevent Discrimination and Retaliation)**
**Against Defendant**

66. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

67. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

68. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

69. Defendant denies the allegations of this paragraph.

70. Defendant denies the allegations of this paragraph.

71. Defendant denies the allegations of this paragraph.

72. Defendant denies the allegations of this paragraph.

**FIFTH CAUSE OF ACTION**
**Wrongful Discharge in Violation of Public Policy**
**Against Defendant**

73. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

74. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES    7.    (CASE NO. 3:18-CV-06794-EDL)

75. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

76. Defendant denies the allegations of this paragraph.

77. Defendant admits the allegations of this paragraph.

78. Defendant denies the allegations of this paragraph.

79. Defendant denies the allegations of this paragraph.

80. Defendant denies the allegations of this paragraph.

**SIXTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 226(A), 226.3**
**(Failure to Furnish Complete and Accurate Itemized Wage Statements – PAGA)**
**Against Defendant**

81. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

82. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

83. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

84. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

85. Defendant denies the allegations of this paragraph.

86. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

87. Defendant denies the allegations of this paragraph.

88. Defendant denies the allegations of this paragraph.

**SEVENTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE § 204**
**(Failure to Timely Pay Wages - PAGA)**
**Against Defendant**

89. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

///

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES    8.    (CASE NO. 3:18-CV-06794-EDL)

90. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

91. Defendant denies the allegations of this paragraph.

92. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

93. Defendant denies that Plaintiff was injured. The remainder of this paragraph contains statements or conclusions of law to which no response is required. To the extent that additional facts are alleged in this paragraph, Defendant denies such allegations.

**EIGHTH CAUSE OF ACTION**
**VIOLATION OF LABOR CODE §§ 201, 202**
**Failure to Pay Timely Wages Upon Resignation or Discharge-PAGA**
**Against Defendant**

94. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

95. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

96. Defendant denies the allegations of this paragraph.

97. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

98. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

99. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

100. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

101. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

102. Defendant denies that Plaintiff was injured. The remainder of this paragraph contains statements or conclusions of law to which no response is required. To the extent that additional facts

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES    9.    (CASE NO. 3:18-CV-06794-EDL)

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

Case 3:18-cv-06794-EDL   Document 10   Filed 01/17/19   Page 10 of 19

are alleged in this paragraph, Defendant denies such allegations.

### NINTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 201, 202
### Failure to Pay Timely Wages Upon Resignation or Discharge-PAGA
### Against Defendant

103. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

104. Defendant denies the allegations of this paragraph.

105. Defendant denies the allegations of this paragraph.

106. Defendant denies the allegations of this paragraph.

107. Defendant denies the allegations of this paragraph.

108. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

109. Defendant denies the allegations of this paragraph.

### TENTH CAUSE OF ACTION
### VIOLATION OF LABOR CODE §§ 221 & 223
### (Unlawful Deductions – PAGA)
### Against Defendant

110. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

111. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

112. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

113. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

114. Defendant denies the allegations of this paragraph.

115. Defendant denies that Plaintiff was injured. The remainder of this paragraph contains statements or conclusions of law to which no response is required. To the extent that additional facts are alleged in this paragraph, Defendant denies such allegations.

///

**ELEVENTH CAUSE OF ACTION**
**BREACH OF CONTRACT**
**Against Defendant**

116. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

117. Defendant denies the allegations of this paragraph.

118. Defendant denies the allegations of this paragraph.

119. Defendant denies the allegations of this paragraph.

120. Defendant denies the allegations of this paragraph.

**TWELFTH CAUSE OF ACTION**
**(VIOLATION OF LABOR CODE § 98.6)**
**Against Defendant**

121. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

122. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

123. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

124. Defendant denies the allegations of this paragraph.

125. Defendant denies the allegations of this paragraph.

126. Defendant denies the allegations of this paragraph.

**THIRTEENTH CAUSE OF ACTION**
**Retaliation**
**(California Labor Code § 6310 – PAGA)**
**Against Defendant**

127. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

128. Defendant denies the allegations of this paragraph.

129. Defendant denies the allegations of this paragraph.

130. Defendant denies the allegations of this paragraph.

131. Defendant denies the allegations of this paragraph.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES   11.   (CASE NO. 3:18-CV-06794-EDL)

132. Defendant denies the allegations of this paragraph.

133. Defendant denies the allegations of this paragraph.

134. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

### FOURTEENTH CAUSE OF ACTION
### Retaliation
### (California Government Code § 12940(m)(2)
### Against Defendant

135. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

136. Defendant denies the allegations of this paragraph.

137. Defendant denies the allegations of this paragraph.

138. Defendant denies the allegations of this paragraph.

139. Defendant denies the allegations of this paragraph.

140. Defendant denies the allegations of this paragraph.

141. Defendant denies the allegations of this paragraph.

142. Defendant lacks sufficient information to admit or deny the allegations of this paragraph, and on that basis, denies them.

### FIFTEENTH CAUSE OF ACTION
### Whistleblower Retaliation – PAGA
### (Labor Code § 1102.5(b))
### Against Defendant

143. Defendant incorporates by reference all of its responses to the paragraphs incorporated by reference into this paragraph.

144. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

145. Defendant denies the allegations of this paragraph.

146. Defendant denies the allegations of this paragraph.

147. This paragraph contains statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

148. Defendant denies the allegations of this paragraph.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES    12.    (CASE NO. 3:18-CV-06794-EDL)

149. Defendant denies the allegations of this paragraph.

150. Defendant denies that Plaintiff or any other employees were injured. The remainder of this paragraph contains statements or conclusions of law to which no response is required. To the extent that additional facts are alleged in this paragraph, Defendant denies such allegations.

## RELIEF REQUESTED

No answer is required to Plaintiff's Prayer for Relief, which merely sets forth the type of relief sought by Plaintiff. To the extent that an answer is required, however, Defendant denies, generally and specifically, each and every allegation and purported entitlement to relief set forth in this section.

## JURY DEMAND

This paragraph contains only statements or conclusions of law to which no response is required. To the extent that facts are alleged in this paragraph, Defendant denies such allegations.

## **AFFIRMATIVE DEFENSES**

Defendant asserts the following separate and distinct affirmative defenses, based on information and belief. In so doing, Defendant does not concede that it has the burden of production or proof as to any defense asserted below. Further, Defendant does not presently know all the facts sufficient to state all defenses at this time. Accordingly, Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional defenses.

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

1. The Complaint and each cause of action set forth therein, or some of them, fails to state sufficient facts to state a claim against Defendant.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Equitable Doctrines)**

2. The Complaint and each cause of action set forth therein, or some of them, are barred by the equitable doctrines of waiver, estoppel, laches, and unclean hands.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Waiver)**

3. Plaintiff waived his claims against Defendant, either expressly or impliedly.

## FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4. Plaintiff's Complaint and each cause of action alleged therein are barred, in whole or in part, by the doctrine of consent.

## FIFTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

5. The Complaint and each cause of action set forth therein, or some of them, are barred by the applicable statutes of limitation, including, but not limited to, those set forth in California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343, and Government Code section 12960 and 12965.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative and Internal Remedies)

6. Plaintiff failed to properly exhaust all internal, contractual, administrative and/or statutorily required remedies prior to filing this suit.

## SEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

7. Defendant has acquired evidence of additional wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff either not being hired, being demoted, disciplined.

## EIGHTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

8. Plaintiff's claims for damages are barred by the doctrine of avoidable consequences, in that (1) Defendant took reasonable steps to prevent and correct alleged conduct; (2) Plaintiff unreasonably failed to use the preventive and corrective measures that Defendant provided; and (3) reasonable use of Defendant's procedures would have prevented at least some of the harm that Plaintiff suffered.

///

///

## NINTH AFFIRMATIVE DEFENSE

### (Same Decision)

9.  If any unlawful motive existed in connection with any employment decision involving Plaintiff, which Defendant denies, any and all claims for damages are nevertheless barred because such employment decision would have been the same even without any such unlawful motive.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

10.  Any recovery to which Plaintiff might be entitled (and Defendant does not admit that Plaintiff is entitled to any recovery) must be reduced due to Plaintiff's failure and/or refusal to exercise reasonable diligence to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Offset)

11.  Any recovery to which Plaintiff might otherwise be entitled must be offset by any benefits and/or other monies and/or benefits Plaintiff has received or will receive, whether through employment, disability insurance, unemployment insurance, workers' compensation or otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Exclusivity and Preemption)

12.  The Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the exclusive remedy provisions of the California Workers' Compensation Act, California Labor Code sections 3200, *et seq*.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata and Collateral Estoppel)

13.  The issues and/or merits of this action were previously raised and/or could have been previously raised such that the doctrines of res judicata and/or collateral estoppel apply.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Judicial Estoppel)

14.  Plaintiff has previously taken positions inconsistent with Plaintiff's positions in this lawsuit such that the doctrine of judicial estoppel applies.

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES   15.   (CASE NO. 3:18-CV-06794-EDL)

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Settlement and Release)

15. Plaintiff's claims have been extinguished by a prior agreement between the parties to settle and release such claims.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Faith and Legitimate Non-Discriminatory Business Reason)

16. Plaintiff's Complaint and each cause of action set forth therein cannot be maintained because, without admitting that it engaged in any of the acts alleged, any conduct and/or statements attributed to Defendant or its employees by Plaintiff were justified, made in good faith, for legitimate non-discriminatory and non-retaliatory reasons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Could Not Perform Essential Functions of Job)

17. Plaintiff could not perform the essential functions of his job, with or without reasonable accommodation.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Reasonable Accommodation Existed)

18. No reasonable accommodation existed which would have permitted Plaintiff to perform the essential functions of his position.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Failure to Request Reasonable Accommodation)

19. Plaintiff failed to request a reasonable accommodation for Plaintiff's alleged physical disability.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Failure to Adequately Engage in the Interactive Process)

20. Plaintiff failed to engage in the interactive process reasonably and in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Undue Hardship)

21. Accommodating Plaintiff's alleged disability would have caused an undue hardship on

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES    16.    (CASE NO. 3:18-CV-06794-EDL)

Defendant's operations.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

22. Defendant's decision to terminate Plaintiff was based upon a bona fide occupational qualification.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Business Necessity)

23. Defendant's decision to terminate Plaintiff was based on criteria that were job-related and consistent with business necessity.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Threat to Health and Safety)

24. At the time the termination of Plaintiff's employment, Plaintiff could not have performed the essential functions of his position in a manner that would not endanger Plaintiff's health or safety, or the health or safety of others, even with reasonable accommodation.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Conduct Permitted Under ADA or Other Federal Law)

25. Defendant's alleged conduct was specifically authorized or required by the ADA or other federal laws.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unilateral Mistake of Fact)

26. Plaintiff took advantage of Defendant's unilateral mistake of fact.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Mutual Mistake of Fact)

27. The parties were mistaken about a material term of the contract and Defendant would not have entered into the contract if it had known about the mistake.

///

///

///

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Fraudulent Misrepresentation)

28. Plaintiff made a fraudulent representation to persuade Defendant to enter into the contract.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Novation)

29. Plaintiff and Defendant entered into a new contract that superseded the old contract.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

30. Plaintiff has an adequate remedy at law such that equitable relief is not appropriate.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Mixed Motive)

31. To the extent Plaintiff establishes that his termination was motivated by any unlawful purpose, which Defendant denies, Defendant would have terminated Plaintiff at that time anyway for legitimate, lawful reasons.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Outside Course and Scope)

32. To the extent the conduct alleged in Plaintiff's complaint occurred, it did not occur with the scope of the employee(s)' employment.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Bona Fide Dispute)

33. There exists a bona fide dispute as to whether any additional compensation is actually due to Plaintiff, and if so, the amount thereof.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Managerial Privilege)

34. Defendant's actions with respect to Plaintiff's employment, which Plaintiff claims to be wrongful, were undertaken and exercised with proper managerial discretion in good faith, and for proper, lawful reasons based upon all relevant facts and circumstances known by Defendant at the

time it acted, therefore barring Plaintiff from recovery in this action.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Collateral Source)**

35. Plaintiff received and will receive income from collateral sources intended to reimburse Plaintiff for any damages Plaintiff allegedly suffered by the conduct alleged in the complaint.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1. For an order dismissing Plaintiff's claims with prejudice, and entering judgment in favor of Defendant;
2. For all reasonable attorneys' fees and costs incurred by Defendant in connection with the defense of this matter; and
3. For such other and further relief as the Court in the exercise of its discretion deems just and proper.

Dated: January 17, 2019

*/s/ Jeffrey J. Mann*
THEODORA R. LEE
JEFFREY J. MANN
LITTLER MENDELSON, P.C.
Attorneys for Defendant
GOLDEN STATE WARRIORS, LLC

FIRMWIDE:161861302.1 082924.1016

LITTLER MENDELSON, P.C.
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEF'S ANSWER TO PL'S COMPLAINT FOR DAMAGES    19.    (CASE NO. 3:18-CV-06794-EDL)