UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS M. SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>GOLDEN STATE WARRIORS, LLC,<br><br>    Defendant. | Case No. 18-cv-06794-SI<br><br>**ORDER RE DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND/OR ENTRY OF CLAWBACK ORDER**<br><br>Re: Dkt. Nos. 32, 35 |

On September 12, 2019 defendant filed a motion for a protective order and/or entry of a clawback order. Dkt. No. 32 (Motion). This order follows. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for November 1, 2019.

On March 8, 2019, prior to filing the current motion, the parties entered into a stipulated protective order. Dkt. No. 25 (Protective Order). On July 5, 2019 the parties submitted a joint discovery dispute letter. Dkt. No. 27 (Discovery Dispute Letter). Plaintiff sought various documents and information, and defendant argued the requests were unduly burdensome or otherwise improper. *Id*. This Court[1] ordered defendant to produce additional documents on July 19, 2019. Dkt. No. 30.

---

[1] Both parties state in their papers that Magistrate Judge Sallie Kim entered this order. The Court clarifies that it entered the order.

1       The parties' instant dispute arises from the documents defendant was ordered to produce pursuant to the Court's July 19, 2019 order. Dkt. No. 32 at 4 (Motion). Defendant argues the documents are so voluminous it cannot produce them without a clawback order. *Id*. at 2. The clawback order defendant proposes places the onus of identifying potentially privileged documents on *both* the producing and receiving party. Dkt. No. 35 at 4 (Opposition). Plaintiff takes issue with this and other language in defendant's proposed clawback order. *Id*. at 4-7. The cases defendant cites in support of its clawback order are distinguishable because the parties in those cases *stipulated* to the language contained therein. Dkt. No. 32. at 6-9 (Motion).

      Plaintiff opposes defendant's proposed clawback agreement, arguing the existing Stipulated Protective Order (Dkt. No. 25) affords adequate protections. Dkt. 35 at 2 (Opposition). Plaintiff also states he does not oppose the *general idea* of a clawback agreement. *Id*. Rather, what plaintiff takes issue with is the burdensome and potentially contentious processes called for in defendant's version. *Id*. at 4-7. Among other things, plaintiff does not want to be responsible for identifying potentially privileged documents produced by defendant. *Id*. at 4. Plaintiff also points out that the attorneys on both sides recently litigated this precise dispute only seven months ago before Judge Tigar. *Id*. at 2. In that instance, Judge Tigar adopted plaintiff's counsel's proposed clawback agreement. *Sarmiento v. Sealy, Inc*. 4:18-cv-01990-JST Dkt. No. 42.

      The Court agrees a clawback order is appropriate. However, defendant's proposed order is overly broad and burdensome and plaintiff's proposal of no agreement whatsoever is inadequate. **<u>The parties shall submit a joint proposed clawback order by Friday, October 18, 2019 tracking the clawback order entered in *Sarmiento v. Sealy, Inc*. 4:18-cv-01990-JST.</u>**

      **IT IS SO ORDERED**.

Dated: October 15, 2019

_____
SUSAN ILLSTON
United States District Judge